IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRUNSWICK HEALTH & REHAB CENTER, LLC** a North Carolina limited liability company, | : : : : | Case No. 7:24-cv-766 |
| Plaintiff, | : : : : | |
| | : : | **COMPLAINT** |
| v. | : : : | **JURY DEMAND ENDORSED HEREON** |
| **UNIVERSAL HEALTH CARE BRUNSWICK, INC.** a North Carolina corporation, | : : : : : | |
| Defendant. | : : | |

# COMPLAINT

Plaintiff Brunswick Health & Rehab Center, LLC (referred to as "Plaintiff" herein), for its Complaint ("Complaint") against Universal Health Care Brunswick, Inc. ("Defendant"), allege as follows:

## SUMMARY OF THE CASE

1. Plaintiff brings this lawsuit against Defendant for common law trademark infringement and unfair competition / false designation of origin for Defendant's intentional misuse of Plaintiff's trademark in connection with marketing Defendant's services.

2. To remedy Defendant's intentional misconduct, Plaintiff seeks, among other relief, damages and a permanent injunction barring Defendant from using Plaintiff's intellectual property.

## JURISDICTION AND VENUE

3. This civil action for common law trademark infringement and unfair competition / false designation of origin is authorized pursuant to the federal Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a) and (b) and 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant under, *inter alia*, N.C. Gen. Stat. § 1-75.4 because Defendant is a domestic corporation in the State of North Carolina.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant is a resident of the State in which this District is located and a substantial part of the events that gave rise to the claims in this Complaint occurred within this District.

## PARTIES

7. Plaintiff Brunswick Health & Rehab Center, LLC is, and was at all relevant times, a limited liability company operating in Ash, Brunswick County, North Carolina.

8. Defendant is a corporation headquartered in Bolivia, Brunswick County, North Carolina and conducting business at 1070 Old Ocean Highway, Bolivia, North Carolina 28422.

## GENERAL ALLEGATIONS

9. Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully rewritten herein.

10. Plaintiff provides services throughout the United States.

11. Since at least as early as 2017, Plaintiff has provided services using the trademark BRUNSWICK HEALTH & REHAB CENTER ("Plaintiff's Mark").

12. Plaintiff's BRUNSWICK HEALTH & REHAB CENTER Mark has become distinctive of Plaintiff's services in commerce under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).

13. Over the years, Plaintiff had focused on ensuring superior quality of its services in order to build long-term goodwill associated with the BRUNSWICK HEALTH & REHAB CENTER trademark.

14. Recently, Plaintiff discovered that Defendant was using a mark that is confusingly similar to Plaintiff's Mark.

15. Defendant provides services similar to Plaintiff's services under the name BRUNSWICK REHABILITIATION AND HEALTHCARE CENTER (the "Infringing Mark") a mere twenty miles away from Plaintiff's business.

16. Defendant's use of the Infringing Mark to attract unwitting consumers to Defendant's business will unfairly reap the benefits of Plaintiff's reputation and goodwill associated with Plaintiff's Mark.

17. Defendant's use of the Infringing Mark has led to several instances of actual confusion, causing harm to consumers and financial detriment to Plaintiff.

18. Examples of actual confusion include laboratory results being sent to the incorrect facility, investigators looking for a resident at the incorrect facility, and referrals going to the incorrect facility.

19. Defendant is aware of the strength of Plaintiff's Mark and the incalculable goodwill associated with Plaintiff's brand.

20. Defendant's knowing and deliberate use of Plaintiff's Mark to promote and sell its services has caused, and continues to cause, substantial and reputable harm to Plaintiff's goodwill and reputation.

21. Defendant's knowing and deliberate use of the Infringing Mark to promote and sell its services has caused, and continues to cause, confusion to Plaintiff's customers who believe the services are Plaintiff's when they are not.

22. The harm being caused to Plaintiff is irreparable and Plaintiff does not have an adequate remedy at law. Plaintiff therefore seeks the entry of an injunction to prevent Defendant's sale of services using Plaintiff's Mark.

23. Defendant's activities amount to unfair competition / false designation of origin and common law trademark infringement.

## COUNT I: FEDERAL UNFAIR COMPETITION / FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

24. Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully rewritten herein.

25. Plaintiff's BRUNSWICK HEALTH & REHAB CENTER Mark is distinctive and designates Plaintiff as the source of services advertised, marketed, sold, or used in connection with Plaintiff's Mark.

26. Plaintiff is the senior user of the BRUNSWICK HEALTH & REHAB CENTER mark and have priority, as Plaintiff used Plaintiff's Mark in interstate commerce well before any use by Defendant of the confusingly similar Infringing Mark.

27. Defendant was aware of Plaintiff's BRUNSWICK HEALTH & REHAB CENTER Mark, yet adopted and knowingly, intentionally, and willfully continues to use the Infringing Mark.

28. Defendant used the Infringing Mark in commerce without Plaintiff's consent in connection with the sale and advertisement of Defendant's services.

29. Defendant's use of the Infringing Mark tends falsely to describe its services within the meaning of 15 U.S.C. § 1125(a)(1).

30. Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant and Defendant's services, to the detriment of Plaintiff and consumers in violation of 15 U.S.C. § 1125(a)(1).

31. As a direct and proximate result of Defendant's infringing activities, Plaintiff is entitled to recover all of Defendant's unlawful profits, Plaintiff's damages, Plaintiff's costs, and treble damages under 15 U.S.C. § 1117(a).

32. Defendant's infringement is exceptional and intentional, entitling Plaintiff to attorney fees under 15 U.S.C. § 1117(a).

33. Further, Defendant's past and continuing infringement of Plaintiff's Mark has caused and will continue to cause irreparable injury to Plaintiff. Unless restrained and enjoined, Defendant will continue to commit such acts of infringement. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

34. Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully rewritten herein.

35. Plaintiff has valid and protectable common law rights in the BRUNSWICK HEALTH & REHAB CENTER mark.

36. Plaintiff is the senior user of the BRUNSWICK HEALTH & REHAB CENTER mark and have priority.

37. Defendant's conduct constitutes infringement of Plaintiff's common law rights in the BRUNSWICK HEALTH & REHAB CENTER mark.

38. Defendant's intended unauthorized use of the confusingly similar Infringing Mark for its services is likely to cause confusion as to the origin of Defendant's services and/or to cause others to believe there is a relationship between Plaintiff and Defendant where there is not.

39. Defendant's wrongful acts will permit Defendant to profit off of Plaintiff's goodwill and reputation in the BRUNSWICK HEALTH & REHAB CENTER mark.

40. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been damaged and will continue to be damaged.

41. Unless Defendant is restrained and enjoined from any continuing or future use of the Infringing Mark, Defendant's such continuing use of the Infringing Mark will irreparably damage Plaintiff. Plaintiff has no adequate remedy a law. Accordingly, Plaintiff are entitled to preliminary and permanent injunctive relief.

## COUNT III: NORTH CAROLINA GEN. STAT. § 75.1-1

42. Plaintiff alleges and incorporates by reference the foregoing paragraphs of the Complaint as if fully rewritten herein.

43. Defendant is engaging in infringement of Plaintiff's registered trademark and Plaintiff's common law rights in the BRUNSWICK HEALTH & REHAB CENTER mark.

44. Defendant's actions affected commerce.

45. Defendant's actions are done willfully, intentionally, maliciously, and in bad faith.

46. Defendant's conduct constitutes unfair and deceptive acts, practices, and methods of competition in violation of N.C. Gen. Stat. §75-1.1(a).

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff Brunswick Health & Rehab Center, LLC hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff is entitled to, and hereby demand, judgment in their favor and against Defendant and relief as follows on all Counts of this action:

(A) That Defendant, its agents, servants, employees, attorneys, representatives, successors, and assigns be enjoined and restrained preliminarily and permanently from displaying, advertising, or promoting any goods or services using any words, symbols, or designs that so resemble Plaintiff's Mark as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Plaintiff;

(B) That Defendant, its agents, servants, employees, attorneys, representatives, successors, and assigns be enjoined and restrained preliminarily and permanently from competing unfairly with Plaintiff in any manner;

(C) For an accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff;

(D) For an Order awarding Plaintiff recovery of all damages it sustained as a result of Defendant's activities;

(E) For an Order awarding Plaintiff treble damages and costs pursuant to 15 U.S.C. § 1117(a), and N.C. Gen. Stat. § 75-16.1;

(F) For an Order awarding Plaintiff attorney fees pursuant to 15 U.S.C. § 1117(a), and N.C. Gen. Stat. § 75-16.1; and

(G) For such other and further relief as this Court may deem just and proper.

Dated: <u>August 14, 2024</u>   Respectfully submitted,

EMERSON THOMSON BENNETT, LLC

<u>/s/ Daniel A. Thomson</u>
Daniel A. Thomson (OH Bar #0070586)
1914 Akron-Peninsula Road
Akron, OH 44313
(330) 434-9999 | telephone
(330) 434-8888 | facsimile
dat@etblaw.com
*Attorney for Plaintiff*

<u>/s/ Anthony J. Biller</u>
Anthony J. Biller
NC BAR No. 24,117
ENVISAGE LAW
2601 Oberlin Rd, Suite
Raleigh, NC 27608
Telephone: (919)755-1317
Facsimile: (919) 782-0452
Email: ajbiller@envisage.law
*Attorney for Plaintiff*
*Local Rule 83.1 Counsel*